IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

UNITED STATES                                                    PLAINTIFF

    V.              CASE NOS. 2:04-CR-20008
                               2:02-CR-20047

ROBERT LOUIS SALTER, JR.                                        DEFENDANT

## O R D E R

Now on this 16th day of November 2009, there comes on for consideration the report and recommendation filed herein on October 20, 2009, by the Honorable James R. Marschewski, United States Magistrate Judge for the Western District of Arkansas. (Docs. 79 & 184). Defendant filed written objections to the report and recommendation. (Docs. 80 & 185). The Court has reviewed this case *de novo* and finds as follows:

In a broad sense, Defendant objects that the report and recommendation: (1) incorrectly concluded that Federal Rule of Civil Procedure 60(b)(4) is inapplicable to Defendant's case and (2) improperly construed his motion as one pursuant to 28 U.S.C. § 2255. With respect to Defendant's first objection, this Court holds, based on well-established precedent, that the Federal Rules of Civil Procedure are inapplicable to criminal cases. *See*, *e.g.*, *United States v. Eggleston*, 24 F. App'x 656 (8th Cir. 2002) (holding Rule 60(b) does not apply in criminal cases); *United States v. Camacho-Bordes*, 94 F.3d 1168, 1171 n.2 (8th Cir. 1996) (same); *See also* Fed. R. Civ. P. 1; Fed. R. Civ. P. 81. Thus, Defendant's attempt to vacate the judgment of this Court under

Federal Rule 60(b)(4) of Civil Procedure is frivolous. With respect to Defendant's second objection, this Court recognizes that when a district court recharacterizes a pro se litigant's motion as his first § 2255 motion,

> the district court must notify the pro se litigant that it intends to recharacterize the pleading, warn the litigant that this recharacterization means that any subsequent § 2255 motion will be subject to the restrictions on "second or successive" motions, and provide the litigant an opportunity to withdraw the motion or to amend it so that it contains all the § 2255 claims he believes he has.

*Castro v. United States*, 540 U.S. 375, 383 (2003). Because Defendant has expressly indicated that his motion is not pursuant to § 2255, the Court will not construe it as such.

Based on the previous, the Court finds that parts I, II. A, and III of the report and recommendation are proper and should be, and hereby are, adopted. Therefore, Defendant's Motion Seeking Vacatur of a Void Judgment Pursuant to Fed. R. Civ. P. 60(b)(4) (docs. 75 & 180) is **DENIED**.

IT IS SO ORDERED.

/S/ Robert T. Dawson
Honorable Robert T. Dawson
United States District Judge