**IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION**

UNITED STATES of AMERICA                    PLAINTIFF/RESPONDENT

V.                              No.  2:02-CR-20047-001

ROBERT LOUIS SALTER, JR                    DEFENDANT/PETITIONER

## REPORT AND RECOMMENDATION

Before the undersigned for report and recommendation is the petitioner's motion, *See ECF No.* 195, filed July 28, 2010 , under Federal Rule 60(b)(5).  The Government filed its Response, *See ECF No.* 197 on July 29, 2010, and the Petitioner has not filed a Reply.

### I.  Background

The Petitioner was arrested pursuant to a criminal complaint issued by U.S. Magistrate Judge Beverly Stites Jones on September 17th, 2002. The Petitioner appeared before Magistrate Jones on September 18th, 2002 for an initial appearance on this matter. On or about September 25th, 2002, a three count indictment was issued by a Grand Jury sitting in the Western District of Arkansas, alleging charges relating to the possession of machine guns and unregistered firearms in case number 2:02CR20047-001. On May 13, 2003, the Petitioner pleaded guilty to Count 1 of the indictment. On September 29th, 2003, the Petitioner failed to appear for a sentencing hearing scheduled in case number 2:02CR20047-001. On that same date, Petitioner caused to be filed a Motion to Withdraw Guilty Plea and Demand for Trial in a Constitutional Article III Court, following which, he absconded and became a fugitive.

On January 7th, 2004, Petitioner was the subject of an Indictment returned by the Grand

Jury in case number 2:04CR20008-001, alleging that he knowingly and wilfully failed to appear for sentencing in the previous case. Petitioner was arrested approximately five months later, following a lengthy manhunt, and was convicted of failing to appear following a one day jury trial on April 5th, 2004. Petitioner represented himself, though he was assisted by court appointed counsel. On July 26th, the Petitioner was jointly sentenced in the pending cases to 151 months imprisonment, followed by 3 years supervised release, $50,000.00 fine, and $200.00 special assessment. Prior to sentencing, the District Court disposed of all pending motions via rulings contained within the record.

Following his sentencing, Petitioner filed a direct appeal to the 8th Circuit Court of Appeals, which was affirmed by published opinion of United States v. Robert Louis Salter, Jr., found at 418 F.3d 860 (2005).

On July 27th, 2009, Petitioner filed a Motion Seeking Vacatur of a Void Judgment Pursuant to Fed. R. Civ. P. 60(B)(4), (*See ECF No.* 180) which alleged, among other things, many of the general allegations within this Motion. This Motion was treated as a Motion under 28 U.S.C. §2255. This Motion was denied by Order filed on November 16th, 2009, (See ECF No. 186),  which adopted a report and recommendation filed with this Court on October 20th, 2009 by U.S. Magistrate James R. Marschewski. (See ECF No. 184).   Following denial of this Petition, the Petitioner filed a notice of appeal with the Eighth Circuit Court of Appeals, which was summarily affirmed by mandate issued May 5, 2010. (See ECF No. 194).

The Defendant files the current Motion for Modification of Sentence Pursuant to Federal Rule 60(b)(5) alleging that his "original sentence is no longer equitable" as a result of the recent holding in the case of United States v. O'Brian.  (*See U.S. v. O'Brian*,  130 S.Ct. 2169 (May 24,

2010).

## II. Discussion

### A. The Defendant's motion under Rule 60(b)(5).

The Defendant's Motion under the Civil Rules of Procedure is not applicable. Rule 60 of the Federal Rules of Civil Procedure do not apply in a criminal case. See *U.S. v. Camacho-Bordes*, 94 F.3d 1168 (8th Cir. 1996). The Defendant has previously filed an identically styled motion which the court treated as a motion under 28 U.S.C. §2255. The Defendant appears to deliberately style his motion in an attempt to avoid the constraints of 28 U.S.C. §2255.

### B. The Defendant's Motion considered as a Motion under 28 U.S.C. §2255.

Construing the Defendant's pleading liberally the court will consider the Motion as a Motion to Vacate under 28 U.S.C. §2255.

A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence. *See 28 U.S.C.A. § 2255.*

### 1. The claim is the second 2255 motion.

Petitioner alleges that in light of the recent ruling in *United States v. O'Brien*, 130 S.Ct. 2169 (May 24, 2010), that he is entitled to relief from his current sentence.

This is the second motion under §2255 filed by the Defendant and the statute provides

that: (h) A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain--

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. *See 28 U.S.C.A. § 2255.*

Section 2244 provides that "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application".  *See 28 U.S.C § 2244(b)(3)(A).*

The Defendant has not sought permission from the appropriate court of appeal and his motion is subject to dismissal.

**2.  O'Brian Case not applicable to Defendant.**

Petitioner alleges that in light of the recent ruling in United States v. O'Brien, 130 S.Ct. 2169 (May 24, 2010), that he is entitled to relief from his current sentence.

O'Brien held that a mandatory minimum thirty year *sentence enhancement*, triggered from the use of a machine gun during the commission of a violent offense, may only be applied following proof to a jury that the weapon was, in fact, a machine gun, pursuant to 18 U.S.C. § 924(c)(1)(B)(ii). *Id.*

The Petitioner was indicted on, among other charges, possessing a machine gun in violation of 18 U.S.C. §§ 922(o)(1) and 924(a)(2).  On May 13, 2003, he entered a conditional plea of guilty to possessing the machine gun.  The District Court Judgment was affirmed by the 8th

-4-

Circuit Court of Appeals on October 5, 2005.  (*See ECF No.* 172).  Clearly the proof that the weapon possessed was a machine gun was an element of the offense charged.

In Petitioner's original case, there were no statutory mandatory minimum sentences in effect, and the enhancements which form the basis for the Petitioner's claim were within the range proscribed by statute, and did not increase the maximum possible sentence. As a result, the possession of machine guns were merely facts that the District Court considered to formulate a sentence after considering both the advisory U.S. Sentencing Guidelines and the factors enumerated under 18 U.S.C. § 3553 in formulating a sentence within the statutory range for the Petitioner. Even were O'Brien applied retroactively it would have no affect on the Petitioner's sentence.

### III.  Conclusion

Based upon the forgoing I recommend that the instant motion, filed under 28 U.S.C. §2255 be dismissed with prejudice.

**The parties have fourteen days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. Section 636(b)(1).  The failure to file timely written objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

IT IS SO ORDERED this December 15, 2010

-5-

/s/ J. Marschewski
HONORABLE JAMES R. MARSCHEWSKI
CHIEF U. S. MAGISTRATE  JUDGE