IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

UNITED STATES of AMERICA                                    PLAINTIFF/RESPONDENT

    V.                No.  2:02-CR-20047
                      No.  2:11-CV-02114

ROBERT LOUIS SALTER                                              DEFENDANT/PETITIONER

**REPORT AND RECOMMENDATION**

Before the undersigned for report and recommendation is the petitioner's Habeas Corpus Petitions, *See ECF No.* 205 filed June 22, 2011, under 28 U.S.C. Section 2255.  The Government filed its Response, *See ECF No.* 208 on June 29, 2011, and the Petitioner filed his Reply, *See ECF No.* 209 on August 5, 2011.  The matter is now ripe for a Report and Recommendation.

**I.  Background**

Defendant was arrested pursuant to a criminal complaint issued by U.S. Magistrate Judge Beverly Stites Jones on September 17, 2002. (ECF No. 1). Defendant appeared before Magistrate Jones on September 18, 2002 for an initial appearance on this matter. (ECF No. 2). On or about September 25, 2002, a three-count indictment was issued by a Grand Jury sitting in the Western District of
Arkansas, alleging charges relating to the possession of machine guns and unregistered firearms in case number 2:02CR20047-001. (ECF No.10). On May 13, 2003, Defendant pleaded guilty to Count 1 of the indictment, possession of a machine gun, under 18 U.S.C. § 922(o)(l). (ECF No. 88). On September 29, 2003, Defendant caused to be filed a Motion to Withdraw Guilty Plea and

Demand for Trial in a Constitutional Article III Court. (ECF No. 105). On that same date, Defendant failed to appear for a sentencing hearing scheduled in case number 2:02CR20047-001, he absconded and became a fugitive. (ECF No. 108).

On January 7, 2004, Defendant was the subject of an Indictment returned by the Grand Jury in case number 2:04CR20008-001, alleging that he knowingly and wilfully failed to appear for sentencing in the previous case. (Case 04-20008 ECF No. 1). Defendant was arrested approximately five months later, following a lengthy manhunt, and was convicted of failing to appear following a one day jury trial on April 5, 2004. (Case 04-20008 ECF No. 32). Defendant represented himself, though he was assisted by court appointed counsel. On July 26, Defendant was jointly sentenced in the pending cases to 151 months imprisonment, followed by 3 years supervised release, $50,000.00 fine, and $200.00 special assessment. (Case 04-20008 ECF No. 46; ECF No. 149) Prior to sentencing, the District Court disposed of all pending motions via rulings contained within the record.

Following his sentencing, Defendant filed a direct appeal to the 8th Circuit Court of Appeals, which was affirmed by published opinion of United States v. Robert Louis Salter, Jr., found at 418 F.3d 860 (2005).

On July 27, 2009, Defendant filed a Motion Seeking Vacatur of a Void Judgment Pursuant to Fed. R. Civ. P. 60(B)(4). (ECF No. 180). This Motion was treated as a Motion under 28 U.S.C. § 2255 and was denied by Order filed on November 16, 2009, (ECF No. 186), which

adopted a report and recommendation filed with this Court on October 20, 2009, (ECF No. 184), by U.S. Magistrate James R. Marschewski. Following denial of this Petition, Defendant filed a notice of appeal with the Eighth Circuit Court of Appeals, which was summarily affirmed by mandate issued May 5, 2010. (ECF No. 194).

On July 29, 2010, Defendant filed a Motion for Modification of Sentence Pursuant to Federal Rule 60(b)(5) wherein Defendant argued he was entitled to be re-sentenced pursuant to United States v. O'Brien, - - - U.S.- - -, 130 S. Ct. 2169, 176 L. Ed.2d 979 (2010). (ECF No. 195). The motion was treated as a second motion under § 2255 and was denied by Order filed on January 6, 2011, (ECF No. 203), which adopted a report and recommendation filed with the Court on December 15, 2010, (ECF No. 202), by U.S. Magistrate James R. Marschewski. Defendant filed an Objection to the Report and Recommendations on January 12, 2011. (ECF No. 204).

On June 22, 2011, Defendant filed the instant § 2255 Motion. (ECF No. 205) contending that the statute the Defendant was sentenced under was unconstitutional based upon recent United States Supreme Court decision of McDonald v. City of Chicago, 130 S.Ct. 3020 (2010).

## II.  Discussion

**A.  Successive Motions:**

Defendant has previously filed § 2255 motions which have been denied by this Court. (ECF No. 186; ECF No. 203; see also United States v. Salter, 2010 WL 5541105, at *1 - 2 (W.D.Ark. Dec. 15, 2010).  Section 2255(h) states that "[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals." In turn, section 2244(b)(3)(A) states, "Before a second or successive application permitted by this section

is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." There is no evidence in the record that Defendant has sought permission to file a successive § 2255 motion.

**B. New Rule of Constitutional Law.**

The United States Supreme Court in Heller v. District of Columbia held that the 2nd Amendment did not limit the right to keep and bear arms to a well regulated militia and that the District of Columbia's attempt to regulate the registration and possession of a firearm was unconstitutional. *See District of Columbia v. Heller*, 554 U.S. 570, (2008). The Heller case had explicitly refrained from opining on whether the Second Amendment applied to the States but the ruling was made applicable to the states through the case of McDonald v. City of Chicago in 2010. *See McDonald v. City of Chicago*, 130 S. Ct. 3020, (2010).

The Defendant contends that these two cases establish a new rule of constitutional law that show that he was unconstitutionally convicted of illegal possession of a machine gun.

Under 28 U.S.C. § 2255(h) relief could still be rendered in a successive § 2255 action if the successive motion were certified by a panel of the Eighth Circuit to contain newly discovered evidence or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." See 28 U.S.C. § 2255(h)(2) (emphasis added).

Section 2255 provides, in pertinent part, that
A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain—

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a

whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255.

The Eighth Circuit has held that a second or successive petitioner under § 2255 may only claim the benefit of a new constitutional rule if the Supreme Court itself makes that rule apply retroactively. We simply lack the power, under § 2255, to adjudge the retroactivity of new rules of constitutional law for second and successive motions without Supreme Court guidance. *See Rodgers v. U.S.* 229 F.3d 704, 705 (C.A.8 (Ark.),2000).

There is nothing to show that the decisions in Heller and McDonald establish a "new" rule of constitutional law or that if a new rule of constitutional law exist it is to be applied restoratively. Regardless, the Defendant must petition the Eighth Circuit for an interpretation.

**C.  Defendant's claim not factually supported.**

The Heller court found that the Second Amendment does not protect those weapons not typically possessed by law-abiding citizens for lawful purposes, such as short-barreled shotguns. The Court stated that "Although we do not undertake an exhaustive historical analysis today of the full scope of the Second Amendment, nothing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession**2817 of firearms by felons and the mentally ill, or laws forbidding the carrying of firearms in sensitive places such as schools and government buildings, or laws imposing conditions and qualifications on the commercial sale of arms". District of *Columbia v. Heller* 554 U.S. 570, 625, 128 S.Ct. 2783, 2816 (U.S.,2008).

The District Courts that have addressed the issue have uniformly found that the 2nd Amendment is not violated by a legitimate government interest in controlling certain weapons. *See United States v. Gilbert*, 286 Fed. Appx. 383 (9th Cir.2008) ("Under Heller, individuals still do not have the right to possess machineguns . . . ") cert. denied *Gilbert v. United States*, 129 S.Ct. 613, 172 L.Ed.2d 468 (2008); *United States v. Fincher*, 538 F.3d 868 (8th Cir.2008) (under Heller, the possession of a machinegun and unregistered sawed-off shotgun is not protected by the Second Amendment) cert. denied *Fincher v. United States*, 129 S.Ct. 1369, 173 L.Ed.2d 591 (2009); *United States v. Ross*, 323 Fed. Appx 117 (3rd Cir.2009) ("Nothing in Heller supports [defendant's] challenge to the constitutionality of a statute criminalizing the possession of a machine gun.") cert. denied *Ross v. United States*, 130 S.Ct. 347, 175 L.Ed.2d 229 (2009); *United States v. Willaman*, 2009 WL 578556 (W.D.Pa. Mar. 5, 2009) ("The Supreme Court in Heller did not find that possession of machine guns is protected by the Second Amendment."). And in a decision post McDonald, the Eighth Circuit in Allen reaffirmed its holding in Fincher that the Second Amendment does not protect an individual's right to possess a machine gun. Allen, 630 F.3d 762 at 766 ( "[n]othing in McDonald . . . changes the rule in this circuit.").

### III. Conclusion

Based upon the forgoing I recommend that the instant motion, filed under 28 U.S.C. §2255 be dismissed with prejudice.

**The parties have fourteen days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. Section 636(b)(1). The failure to file timely written objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo**

**review by the district court.**

The Defendant's Motion for Judicial Notice of Adjudicative Fact (ECF No. 210) filed August 5, 2011 is **DENIED** because the court does not find the facts to be similar or relevant to the current motion.

IT IS SO ORDERED this August 15, 2011

　　　　　　　　　　　　　　　　　　/s/ J. Marschewski
　　　　　　　　　　　　　　　　　　HONORABLE JAMES R. MARSCHEWSKI
　　　　　　　　　　　　　　　　　　CHIEF U. S. MAGISTRATE JUDGE